NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ULYSSES WAUGH, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-6004 (DMC) |
| M. SISCO and SPENCER FINCH, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by *pro se* Plaintiff Ulysses Waugh ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering Plaintiff's submissions, and based upon the following, it is the finding of the Court that Plaintiff's application is **denied**.

**I.    BACKGROUND**

Plaintiff was arrested on October 14, 2008, by Defendants Officer M. Sisco and Officer Spencer Finch ("Defendants"). Plaintiff alleges that on the day of his arrest he was sitting at a bus stop on the corner of Broadway and Summers street in Paterson, New Jersey. Plaintiff further alleges that while at the bus stop, Defendants stopped their police car, exited and lifted him off the bench and began searching him without cause or explanation. Defendant's search was fruitless and Plaintiff asked to be released. Officer Sisco allegedly responded by stating "you got a smart mouth." Plaintiff claims that he asked to be released for a second time which prompted Officer Sisco to punch him in the face while Officer Finch held his arms behind his body. Plaintiff alleges that he was beaten, thrown to the ground, kicked and then handcuffed. Thereafter, Plaintiff was taken to jail.

**II.     LEGAL STANDARD**

In Tabron v. Grace, the Third Circuit established specific guidelines for determining whether the appointment of *pro bono* counsel is warranted. See 6 F.3d 147, 155, 158 (3d Cir. 1993). The Third Circuit emphasized that, as a threshold matter, courts must analyze the substance of an applicant's underlying claim for merit before engaging in any further evaluation. See id. Only after a determination that an applicant's claim has merit in fact and law should a court move on to consider and evaluate the factors outlined in Tabron. See id. at 155. The Tabron factors include whether:

> (1) the claim has some merit;
> (2) the *pro se* party lacks the ability to present an effective case without an attorney;
> (3) the legal issues are complex or, the ultimate legal issues are not complex, but the *pro se* party lacks the familiarity with the rules of evidence and discovery needed to translate understanding of the law into presentation of the proofs;
> (4) factual investigation will be necessary and the party is not adequately able to pursue said investigation;
> (5) the case is likely to turn on credibility determinations;
> (6) the case will require expert testimony; and
> (7) the party is unable to attain and afford counsel on his/her own behalf.

See Parham v. Johnson, 126 F.3d 454, 357 (3d Cir. 1997); Tabron, 6 F.3d at 155-56.

Courts must consider the ability of the plaintiff to present his or her case without the assistance of counsel. See id. at 156. In making this determination, courts "generally should consider the plaintiff's education, literacy, prior work experience, and prior litigation experience." Id. Courts should "also consider the difficulty of particular legal issues...the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue investigation." Id.

**III.     ANALYSIS**

In analyzing the merits of Plaintiff's Complaint, the Court is cognizant that a *pro se* plaintiff's complaint is held to a less stringent standard than pleadings filed by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Moreover, the Court recognizes that civil rights

allegations, however inartfully pleaded, are not meritless unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Id.

Here, Plaintiff alleges that Defendants arrested him without cause or provocation and that they illegally searched and beat him. Although Plaintiff's Complaint will require significant development, Plaintiff has establish that his claims have sufficient merit to allow the Court to proceed to the second stage of the *pro bono* counsel analysis. Plaintiff has demonstrated adequate understanding of his claims and that he is literate and capable of performing research. The factual development required in this case will be difficult. Nonetheless, based on the clarity and sufficiency of Plaintiff's pleadings and in recognition of the fact that Plaintiff will be able to utilize the law library at the Paterson facility, it appears that he will be able to handle discovery and pursue his claims without an attorney. Moreover, Plaintiff claims that because of his incarceration and financial situation, he cannot obtain an attorney however, it appears that he has made no effort to try and obtain one. Based on a review of Plaintiff's Complaint and application, the Court finds that appointment of pro bono counsel is not appropriate at this time.

### IV.   CONCLUSION

For the reasons stated, it is the finding of the Court that Plaintiff's application for appointment of *pro bono* counsel is **denied** without prejudice. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      January  29 , 2009
Orig.:     Clerk
cc:        Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File