NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ULYSSES WAUGH, | |
| Plaintiff, | Hon. Dennis M. Cavanaugh |
| v. | OPINION |
| M. SISCO and SPENCER FINCH, | Civ. No. 08-6004 (DMC) (JAD) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motions by Defendants Michael Sisco and Spencer Finch (collectively, "Defendants") for summary judgment on claims of false imprisonment, false arrest and excessive use of force asserted by *pro se* Plaintiff Ulysses Waugh ("Plaintiff"). This motion is unopposed. Pursuant to FED. R. CIV. P. 78, no oral argument was heard.

After carefully considering the parties' submissions, and for the reasons set forth below, Defendants' motions are **granted**.

### I. BACKGROUND[1]

On October 14, 2008, Defendants, both police officers, were driving east on Broadway in the City of Paterson, in their marked patrol vehicle with the passenger window down. Defendant

---

[1] The facts in the Background section are taken from the parties' submissions.

Sisco was driving and Defendant Finch was in the passenger's seat. Plaintiff was sitting on the ledge of a wall on Broadway. As Defendants drove past, Plaintiff discarded his cigarette towards the car. (There appears to be a dispute as to whether the cigarette actually struck Defendant Finch, but this fact is immaterial to this motion.) Defendants pulled over, exited the patrol unit and advised Plaintiff that he was under arrest for aggravated assault, specifically, for purposely striking a police officer in the arm with a lit cigarette.

Plaintiff was searched for weapons and contraband, and resisted Defendants' attempt to handcuff him. Plaintiff attempted to strike Defendant Sisco, and in response Defendant Sisco allegedly punched Plaintiff in the face. Defendants were forced to place Plaintiff in a compliance hold and finally handcuffed him on the ground.

Upon arrival at the Paterson County Jail, Plaintiff refused to turn over his property and refused to be searched by cellblock personnel. After being subdued, Plaintiff was searched, and four bags of marijuana were found. Plaintiff was instructed to sit in a specific area, but he attempted to leave the station and Defendants, as well as two other officers, struggled with Plaintiff to re-handcuff him. As a result of the struggle, several of the officers sustained injuries and were treated at St. Joseph's Medical Center. Plaintiff was also transported to St. Joseph's Medical Center to treat a laceration on his chin which he sustained during the struggle with the officers.

Plaintiff was subsequently charged with four counts of aggravated assault on a police officer, possession of CDS, and resisting arrest. On June 11, 2009, a grand jury indicted Plaintiff for resisting arrest and aggravated assault on a police officer in the third and fourth degrees.[2] On

---

[2] The indictments for aggravated assault pertain to the assaults which took place during the officers' struggle to subdue Plaintiff, not from the initial interaction wherein Defendant Finch was allegedly struck by Plaintiff's lit cigarette.

October 26, 2009, Plaintiff pled guilty to resisting arrest and aggravated assault on a police officer. In his plea, Plaintiff admitted under oath to resisting arrest by using or threatening to use physical force against a police officer by way of struggle. Further, Plaintiff admitted that when he was resisting the officers, he knew they were trying to place him under arrest.

On December 8, 2008, Plaintiff filed a Complaint in this matter, asserting violations of his civil rights under 42 U.S.C § 1983. In his Complaint, Plaintiff asserts claims against Defendants for false imprisonment, false arrest and excessive use of force.[3] Defendants filed an Answer to Plaintiff's Complaint on March 5, 2009. The discovery period in this matter ended on November 16, 2009. On December 10 and December 14, 2009, Defendants Finch and Sisco, respectively, filed motions for summary judgment, seeking dismissal of the Complaint with prejudice. Plaintiff has failed to oppose the motions.

## II. STANDARD OF REVIEW

"A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." Gaston v. U.S. Postal Serv., 2009 U.S. App. LEXIS 5673 (3d Cir. 2009). However, "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

"A party against whom relief is sought may move at any time, with or without supporting

---

[3] The Court notes that "false arrest and false imprisonment are not separate torts; they are different names for the same tort." See O'Brien v. Borough of Woodbury Heights, 679 F.Supp. 429, 438 (D.N.J. 1988) (quoting Price v. Phillips, 90 A.2d 167, 169 (App. Div. 1966)). The Court will, accordingly, refer to these claims solely as one for false imprisonment.

affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(b). "[T]he burden on the moving party may be discharged by "showing" -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cartrett, 477 U.S. 317, 325 (1986). "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c)." Celotex, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)).

> When a motion for summary judgment is properly made and supported, [by contrast,] an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (internal citations omitted). Indeed, "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." See Schoch v. First Fid. Bancorp., 912 F.2d 654, 657 (3d Cir. 1990). Rule 56(e) permits "a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Id. (quoting Lujan v. National Wildlife Fed'n., 497 U.S. 871, 889 (1990)). "It is clear enough that unsworn statements of counsel in memoranda submitted to the court are even less effective in meeting the requirements of Rule 56(e) than are the unsupported allegations of the pleadings." Schoch, 912 F.2d at 657.

"A movant is not automatically entitled to summary judgment simply because the non-movant fails to oppose the motion." Johnson v. City of Asbury Park, 2009 U.S. Dist. LEXIS 115518, *5 (D.N.J. Dec. 11, 2009) (citing Anchorage Assoc. v. V.I. Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990)). "Instead, Rule 56 provides that the Court may grant the unopposed motion 'if appropriate.'" Id. "An unopposed motion is appropriately granted if the Court, following an analysis on the merits, determines that the movant is entitled to judgment as a matter of law." Id.

### III. DISCUSSION

Defendants move for summary judgment on Plaintiff's claims of false imprisonment and excessive use of force.

In order to bring a successful § 1983 claim, a plaintiff must demonstrate: (1) that the challenged conduct was committed by a person acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or federal law. Olender v. Twp. of Bensalem, 32 F.Supp.2d 775, 782 (E.D.Pa. 1999), aff'd 202 F.3d 254 (3d Cir. 1999); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Defendants argue that Plaintiff cannot do so here.

First, Defendants argue that the existence of probable cause is a defense to a false imprisonment claim. Next, Defendants argue that Plaintiff's resistance to his arrest required the use of additional force, and therefore he cannot state an excessive force claim. Moreover, Defendants contend that even if Plaintiff can prove the elements of his § 1983 claims, they are entitled to qualified immunity.

For the reasons set forth below, Defendants' motions for summary judgment are granted.

### A. FALSE IMPRISONMENT

Under New Jersey law, false imprisonment is "the constraint of the person without legal justification." Mesgleski v. Oraboni, 748 A.2d 1130, 1138 (N.J. Super. Ct. App. Div. 2000). "The tort of false imprisonment has two elements: (1) an arrest or detention of the person against his or her will and (2) lack of proper legal authority or legal justification." Leang v. Jersey City Bd. of Educ., 969 A.2d 1097, 1117 (N.J. 2009); see also Barletta v. Golden Nugget Hotel Casino, 580 F.Supp. 614, 617 (D.N.J. 1984). The basis for a false imprisonment claim under § 1983 is "the Fourteenth Amendment protection against deprivations of liberty without due process of law." Jobes v. Moorestown Twp., 2006 U.S. Dist. LEXIS 78918, at *18-19 (D.N.J. Oct. 19, 2006) (citing Baker v. McCollan, 443 U.S. 137, 142 (1979)).

The existence of probable cause defeats a claim for false imprisonment. See Baker, 443 U.S. at 143-44 (1979); Herman v. City of Millville, 66 Fed. App'x. 363, 365 (3d Cir. 2003); Wildoner v. Bor. of Ramsey, 744 A.2d 1146, 1154 (N.J. 2000) (noting that probable cause is an absolute defense to a false imprisonment claim). By contrast, when "the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." Groman v. Twp. of Manalapan, 47 F.3d 628, 636 (3d Cir. 1995). "[P]robable cause is defined in terms and circumstances sufficient to warrant a prudent man in believing that the suspect had committed or was committing a crime." Merkle v. Upper Dublin School Dist., 211 F.3d 782, 789 (3d Cir. 2000); see Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997).

Plaintiff's Complaint appears to assert a claim for false imprisonment on the ground that

Defendants did not have a reason for initially arresting him.[4] In assessing whether Plaintiff can establish the elements of a claim for false imprisonment, then, the proper focus is whether Plaintiff's initial arrest was lawful.

Here, Plaintiff does not dispute that he threw a lit cigarette in the direction of Defendants. Thus, irrespective of whether the cigarette actually struck Defendant Finch (which the parties' appear to dispute[5]), the fact that it was thrown at Defendants gave the officers probable cause to arrest Plaintiff for striking, or attempting to strike, a police officer with a lit cigarette (i.e. aggravated assault). See Dintino v. Echols, 243 F.Supp. 255, 262 (E.D.Pa. 2003) (explaining that a district court may conclude that probable cause exists as a matter of law if the evidence cannot support a contrary finding); see also Merkle, 211 F.3d at 789 (citing Hunter v. Bryant, 502 U.S. 224, 228 (1991). As such, Defendants had probable cause for the initial arrest of Plaintiff.[6]

In addition, subsequent events clearly establish that Defendants had probable cause to detain Plaintiff once he was at the police station. In fact, on June 11, 2009, a grand jury indicted Plaintiff

---

[4] The Third Circuit has noted that courts should liberally construe *pro se* complaints. See Holley v. Dept. of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999).

[5] A review of the parties' submissions reveals that Plaintiff raises a dispute as to whether the lit cigarette actually struck Defendant in the arm, and as a result, had no reason to initially arrest Plaintiff. See id.

[6] Defendants also argue that because Plaintiff plead guilty to possession of CDS, resisting arrest, and four counts of aggravated assault on a police officer, there must have been probable cause for his arrest. This argument, however, appears to misconstrue Plaintiff's pleading. Plaintiff challenges his initial arrest **in addition to** the subsequent detention after the marijuana was found in his possession. As such, while Plaintiff cannot challenge the existence of probable cause as to the latter detention (as a result of his guilty plea), he can still challenge the existence of probable case with respect to the first interaction with the police, i.e., when he was arrested on the side of the road. This observation notwithstanding, as noted above, the Court finds that there is no material question of fact that probable cause did exist for the initial stop as well.

for resisting arrest and aggravated assault on a police officer in the third and fourth degrees, and on October 26, 2009 Plaintiff entered a plea of guilty to those crimes. See Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 342, 251 (3d Cir. 2001) (stating that a grand jury indictment establishes probable cause by definition). Accordingly, Plaintiff's second detention, at the police station, was supported by probable cause.

Plaintiff cannot establish a claim for false imprisonment because probable cause existed for both of Plaintiff's detentions. See Baker, 443 U.S. at 143-44 (1979); Herman, 66 Fed. App'x. at 365; Wildoner, 744 A.2d at 1154.

**B.    EXCESSIVE USE OF FORCE**

A claim for "excessive force in the course of making [a]...'seizure' of [the] person...[is] properly analyzed under the Fourth Amendment's 'objective reasonableness' standard." Scott v. Harris, 550 U.S. 372, 381 (2007) (quoting Graham v. Connor, 490 U.S. 386, 388 (1989)). The Fourth Amendment requires police officers to use only the degree of force that is reasonably necessary to place a suspect under arrest. See Tennessee v. Garner, 471 U.S. 1, 9-10 (1985). "Reasonableness under the Fourth Amendment should frequently remain a question for the jury, however, defendants can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstance." Kopec v. Tate, 361 F.3d 772, 777 (3d Cir. 2004); Estate of Smith v. Marasco, 318 F.3d 497, 516 (3d Cir. 2003). In deciding whether the challenged seizure was reasonable or constituted excessive force, a court must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officer or others, and whether he is actively

resisting arrest or attempting to evade arrest by flight." Couden v. Duffy, 446 F.3d 483, 496-97 (3d Cir. 2006) (internal citations omitted).

Here, as part of his plea agreement with the Passaic County Prosecutor's Office, Plaintiff engaged in a lengthy colloquy in which he admitted, under oath, that he resisted arrest and struck an officer. During this proceeding, Plaintiff was questioned by his own attorney, and stated:

> Q: Mr. Waugh, is it true that on October 14th of 2008 in the City of Paterson that you did resist arrest by using or threatening to use physical force against a police officer?
>
> A: Yes.
>
> Q: And specifically, you resisted by struggling when they were trying to arrest you?
>
> A: Yes.
>
> Q: And is it also true that on the same date, that you did cause bodily injury to a police officer?
>
> A: Yes.
>
> Q: And that was when you got to the police station, there was another struggle and as a result of that struggle he did suffer injury. Is that correct?
>
> A: Yes.
>
> Q: Do you understand that by struggling against the police officer you were committing the crime of aggravated assault, which is a third degree offense?
>
> A: Yes.
>
> Q: By struggling when you were arrested added resisting arrest which is also a third degree offense?
>
> A: Yes.

See Def. Finch's Br. Ex. E at 5 - 6; Def. Sisco's Br. Ex. C at 5 - 6. In light of Plaintiff's admissions, Defendants' use of force was not only reasonable under the circumstances, but necessary as well. It is undisputed that Plaintiff suffered a laceration to his chin, but there is no evidence to support his claim that the injury was caused by excessive force. In fact, the use of additional force arose only after Plaintiff engaged in conduct prompting the need for it. Sworn testimony by an officer involved in the incident demonstrates that Plaintiff attempted to evade arrest by fleeing the cellblock. See Def. Finch's Br. Ex. I at 6 - 8; Def. Sisco's Br. Ex. E at 6 - 8. Moreover, the Court notes that a Paterson Police Department Offense Report describes several injuries which Plaintiff inflicted upon the officers during their attempt to subdue and detain him. See Def. Finch's Br. Ex. C; Def. Sisco's Br. Ex. D. Consequently, Defendants are entitled to summary judgment on Plaintiff's claim for excessive use of force.

C.   QUALIFIED IMMUNITY

Even if Plaintiff could demonstrate he suffered a violation of a constitutionally-protected right based on his theory of excessive force, he still could not prevail because Defendants are entitled to qualified immunity.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Bayer v. Monroe County Children & Youth Servs., 577 F.3d 186, 191 (3d Cir. 2009) (quoting Pearson v. Callahan, - - - U.S. - - -, - - -, 129 S.Ct. 808, 815 (2009)). In assessing whether qualified immunity applies, courts consider: (1) whether the facts alleged, when viewed in the light most favorable to the party asserting the injury, show the

officer's conduct violated a constitutional right; and (2) whether the right that was allegedly violated was clearly established. Saucier v. Katz, 533 U.S. 194, 201-02 (2001), overruled in part by, Pearson, 129 S.Ct. at 818; see Henning v. Township of Blairstown, 2010 U.S. Dist. LEXIS 52754, at *18 (D.N.J. May 28, 2010) (unpublished) (noting Pearson relaxed the rigid two-step application of the Saucier analysis in favor of a more flexible approach that permits judges of district courts and courts of appeals to decide which of the two prongs of the qualified immunity analysis should be addressed first). "[T]he sequence of the two-part Saucier analysis is no longer mandatory, and trial courts are permitted to use discretion as to which prong of the analysis to apply first." Giles v. Kearney, 571 F.3d 318, 325 (3d Cir. 2009) (citing Pearson, 129 S.Ct. at 818). If the answer to either question is no, the analysis ends there, and an official is entitled to qualified immunity. See Pearson, 129 S.Ct. at 823.

Here, the alleged facts, when viewed in the light most favorable to Plaintiff, do not show that Defendants' conduct violated a constitutional right. As previously discussed, Defendants acted reasonably when they used additional force to subdue and arrest Plaintiff. Plaintiff admitted, under oath, that he intentionally resisted arrest and injured an officer in the process. As a result of Plaintiff's aggressive behavior, Defendants had no other option but to apply additional force to ensure their own safety, and to place Plaintiff under arrest. Therefore, in the absence of a violation of a constitutionally protected right, Defendants are entitled to qualified immunity under Saucier and Pearson.[7]

---

[7] As a final argument, Defendants assert that Plaintiff's Complaint should be dismissed with respect to any claims based upon New Jersey State law because Plaintiff failed to comply with the New Jersey Tort Claims Act. The Court cannot agree. First, the Court will not infer state law claims where none appear to have been plead. Next, even if Plaintiff had asserted claims based upon New Jersey State law, the Court would decline extending supplemental jurisdiction over them, having dismissing all

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions for summary judgment are **granted**. An appropriate Order accompanies this Opinion.

_/s/ Dennis M. Cavanaugh_
Dennis M. Cavanaugh, U.S.D.J.

Dated:      July 14, 2010
Original:   Clerk
cc:         Hon. Joseph A. Dickson, U.S.M.J.
            All Counsel of Record
            File

---

federal claims. See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999); 28 U.S.C. § 1367(c)(3).